**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| KHASEEM GREENE, | : | |
| | : | **Civil Action No. 18-8972 (JXN) (CLW)** |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ELIZABETH POLICE DEPARTMENT, ALFONSO COLON, JAMES SZPOND, UNION COUNTY PROSECUTOR'S OFFICE, PATRICIA CRONIN, STEPHEN KAISER, DEBORAH WHITE, MARK SPIVEY, and JOHN/JANE DOES 1 through 10, | : : : : : : : : | |
| | : | |
| Defendants. | : | |
| | : | |

**NEALS**, District Judge:

This matter comes before the Court on three motions for summary judgment filed pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1: (1) Defendant James Szpond's ("Szpond") motion for summary judgment (ECF No. 110); (2) Defendant Alfonso Colon's ("Colon") motion for summary judgment (ECF No. 111); and (3) Defendant Elizabeth Police Department's (the "EPD") motion for summary judgment (ECF No. 112). Plaintiff Khaseem Greene ("Plaintiff") filed opposition to the motions for summary judgment (ECF No. 114) (the "Opposition"). Szpond, Colon, and the EPD (collectively, the "Defendants") filed their respective replies (ECF Nos. 116-18). Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). Venue is proper pursuant to 28 U.S.C. § 1391.

The Court has carefully considered the parties' submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Szpond's motion for summary judgment (ECF No. 110) is **GRANTED**, and Plaintiff's Complaint (ECF No. 1) in its entirety is **DISMISSED** *with prejudice as to Defendant Szpond*. Colon's

motion for summary judgment (ECF No. 111) is **GRANTED in part** and **DENIED in part**, **GRANTED** as to Counts Two to Four, Seven to Eight, and Eleven in Plaintiff's Complaint (ECF No. 1), which are **DISMISSED** *with prejudice as to all Defendants*, and **DENIED** as to Counts One, Six, and Ten.  Because Counts Five, Nine, Twelve, and Fourteen are barred by N.J.S.A. 59:1-1, et seq. (the "Tort Claims Act"), these Counts are also dismissed *with prejudice as to all Defendants*.  The EPD's motion for summary judgment (ECF No. 112) is **GRANTED**, and Plaintiff's Complaint (ECF No. 1) in its entirety is **DISMISSED** *with prejudice as to Defendant the EPD*.  The Court awards no costs, expenses, or attorney fees to any party.

## I.    BACKGROUND AND PROCEDURAL HISTORY[1]

Plaintiff alleges this litigation represents "one of the most chilling episodes of police . . . misconduct in modern New Jersey history . . . ."  Pl.'s complaint (the "Complaint"), ¶ 1.  Plaintiff in relevant part alleges that he suffered a deprivation of rights because Defendants provided "false statements" and "conspired to conceal exculpatory evidence" to unlawfully indict Plaintiff for a December 3, 2016, shooting at "All Star Café" in the City of Elizabeth, New Jersey ("Elizabeth") (the "December Shooting").  *Id.* ¶¶ 4, 26.  Plaintiff alleges that Defendants knew there was no probable cause to indict Plaintiff for unlawful possession of a weapon (the "Indictment") and that his "actual innocence" was confirmed when Defendant Union County Prosecutor's Office (the "Prosecutor's Office") sought and obtained an order dismissing the Indictment.  *Id.* ¶¶ 3, 48, 69-70.  And due to Defendants' efforts, Plaintiff, a professional football player, was allegedly "waived" by the Kansas City Chiefs when the Prosecutor's Office made the Indictment public.  *Id.* ¶¶ 2, 50-55.

Plaintiff alleges that the basis for the Indictment is: (i) a video interview of Jason Sanders ("Sanders"), the assailant in the December Shooting, which was conducted by EPD detectives Colon and

---

[1] For the sake of brevity, all citations to the parties' Rule 56.1 statements incorporate the evidentiary citations contained therein.

Szpond (the "Sanders Interview"); (ii) a Complaint-Warrant "prepared" by Colon that states "Plaintiff was observed on surveillance video [(the "All Star Café Video")] handing over a handgun to Sanders" (the "Warrant"); and (iii) Colon's grand jury testimony. *Id.* ¶¶ 38-39, 42-43, 45, 49 (internal quotations omitted).

On May 8, 2018, Plaintiff filed the fourteen-count Complaint asserting the following claims against Defendants: (Count One) - Civil Action for Deprivation of Rights under 42 U.S.C. § 1983; (Count Two) - Violation of Equal Rights under 42 U.S.C. § 1981; (Count Three) - Conspiracy to Violate Civil Rights under 42 U.S.C. § 1985; (Count Four) - Failure to Prevent Violations of Civil Rights under 42 U.S.C. § 1986; (Count Five) - Negligent Screening, Hiring, Training, Supervising and Retention of Dangerous Discriminatory Employees against the EPD[2] and the Prosecutor's Office only under 42 U.S.C. § 1983; (Count Six) - New Jersey Civil Rights Act, N.J.S.A. 10:6-1, et seq. (the "New Jersey Civil Rights Act"); (Count Seven) - Willful Disregard; (Count Eight) - Abuse of Process; (Count Nine) - False Arrest and Imprisonment; (Count Ten) - Malicious Prosecution/Conspiracy to Commit Malicious Prosecution; (Count Eleven) - Negligence; (Count Twelve) - Intentional Infliction of Emotional Distress; (Count Thirteen) - Defamation against the Prosecutor's Office and Defendant Mark Spivey ("Spivey") only; and (Count Fourteen) - Vicarious Liability against the EPD and the Prosecutor's Office only.

On November 1, 2018, the Honorable Susan Wigenton, U.S.D.J., dismissed all claims against the Prosecutor's Office and Defendants Spivey, Stephen Kaiser, Deborah White, and Patricia Cronin ("Cronin") (ECF Nos. 22-23).  As a result, Count Thirteen was dismissed and Counts Five and Fourteen remain as to the EPD.   The relevant facts follow.

---

[2] The EPD, as an inseparable component of Elizabeth, is an improper party to this lawsuit. *See, e.g., Livingston v. Borough of McKees Rocks*, 223 F.App'x 84, 87 (3d Cir. 2007); *see also* N.J.S.A. 40A:14-118.  Accordingly, Elizabeth is the real party in interest. *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997).  The Court, therefore, treats the EPD and Elizabeth as a single entity for purposes of its analysis. *Adams v. City of Camden*, 461 F.Supp.2d 263, 266 (D.N.J. 2006).

The EPD "is a municipality subdivision and arm of" Elizabeth.  Szpond's Statement of Undisputed Material Facts (ECF No. 110-2) (the "SSOF") ¶ 2; Pl.'s Responsive Statement of Undisputed Material Facts (ECF No. 114) (the "PRSOF")[3] ¶ 2.  During the relevant period, Colon was "employed by EPD and was responsible for investigating the" December Shooting.  SSOF ¶¶ 3-4; PRSOF ¶¶ 3-4.  Szpond, who was also employed by the EPD during the relevant period, "assisted" Colon with the investigation of the December Shooting.  *Id.*

On December 3, 2016, the EPD learned of the December Shooting.  SSOF ¶ 10; PRSOF ¶ 10.  By December 6, 2016, law enforcement had obtained the gun used in the December Shooting, as well as the All Star Café Video.  SSOF ¶¶ 12-13; PRSOF ¶¶ 12-13.  On December 30, 2016, the EPD arrested Sanders in connection to the December Shooting.  SSOF ¶ 15; PRSOF ¶ 15.  On the same date, Colon and Szpond conducted the Sanders Interview.  SSOF ¶ 16; PRSOF ¶ 16.

"[T]hroughout the" Sanders Interview, Sanders stated Plaintiff gave him the gun used in the December Shooting.  SSOF ¶ 17; PRSOF ¶ 17.  "[U]pon being confronted with the fact that" he "criminally implicated Plaintiff, Sanders stated he had lied and sought to retract his statement."  SSOF ¶ 19; PRSOF ¶ 19.  Szpond informed Sanders that he could "retract any portion . . . of his statement [but] at a later date . . . ."  SSOF ¶ 20; PRSOF ¶ 20.  Based on Sanders's statement and "her review of the" All Star Café Video, Cronin, an Assistant Prosecutor with the Prosecutor's Office, "deci[ded] to charge Plaintiff with unlawful possession of a weapon."  Colon's Statement of Undisputed Material Facts (ECF No. 111) (the "CSOF") ¶ 10; PRSOF ¶ 10[4].  While admittedly she "did not believe that the" All Star Café Video "was sufficient probable cause to arrest Plaintiff[,]" Cronin testified that the All Star Café Video "coupled with Sanders'[s] statement that Plaintiff possessed the gun," provided sufficient probable cause. CSOF ¶¶ 14-15; PRSOF ¶¶ 14-15.

---

[3] *See* Pl.'s Opp. at 2-3.
[4] *See* Pl.'s Opp. at 3-5.

On January 4, 2017, criminal charges were "approved" against Plaintiff.  SSOF ¶ 21; PRSOF ¶ 21. "At Cronin's direction," and on the same date, Colon prepared the Warrant.  CSOF ¶ 16; SSOF ¶ 22; PRSOF ¶ 16, 22.  The "Affidavit for Probable Cause [(the 'Affidavit')] was based upon" the Sanders Interview and All Star Café Video "taken together."  CSOF ¶ 17; PRSOF ¶ 17.  Plaintiff admits Colon was not involved "in th[e] decision" to charge Plaintiff.  CSOF ¶ 10; PRSOF ¶ 10.

On January 5, 2017, Plaintiff turned himself in and "spen[t] approximately two days in jail."  SSOF ¶ 23; PRSOF ¶ 23; Pl.'s Further Statement of Undisputed Material Facts (the "PSOF")[5] ¶ 27; Szond's Responsive Statement to Pl.'s Further Statement of Undisputed Material Facts (ECF No. 116-1) (the "SRSOF") ¶ 27[6]; Ex. A to Silverman's Cert., Pl.'s Nov. 19, 2020, deposition transcript ("Pl.'s Dep."), at T61:6-14; T62:6-12; T63:2-64:2.  Colon subsequently testified at the grand jury that Sanders and Plaintiff "appear[ed] to exchange an item" in the All Star Café Video and that Sanders identified Plaintiff as "the individual passing [him] the gun . . . ."  CSOF ¶ 21; PRSOF ¶ 21.  Plaintiff admits that the Prosecutor's Office and not "a detective" is "responsib[le]" for "what is presented to the grand jury."  CSOF ¶ 22; PRSOF ¶ 22.

On May 9, 2017, the grand jury issued the Indictment against Plaintiff "for unlawful possession of a weapon (second degree) in violation of N.J.S.A. 2C:39-5b(1)."  SSOF ¶ 24; PRSOF ¶ 24.  On the same date, the Kansas City Chiefs "waive[d]" Plaintiff "and asked [him] to return his playbook . . . ."  SSOF ¶ 25; PRSOF ¶ 25.  On July 17, 2017, the Prosecutor's Office "sought, and w[as] granted, an Order dismissing the indictment against Plaintiff."  SSOF ¶ 27;[7] PRSOF ¶ 27.

While the Affidavit provides that Plaintiff "was observed on surveillance video handing over a handgun to . . . Sanders[,]" Colon testified "he never saw [Plaintiff] possessing a gun[,]" "didn't see

---

[5] *See* Pl.'s Opp. at 5-8.
[6] Szpond disputes Plaintiff surrendered "[a]s a result of the false allegations," but takes no position as to whether Plaintiff "spen[t] approximately two days in jail."
[7] While Szpond failed to cite to the record, *see* Compl. ¶ 70 for support.

[Plaintiff] with a gun," and that Plaintiff is "not seen with a gun in his hands" in the All Star Café Video. Ex. E to Daniel T. Silverman, Esq.'s Certification (ECF No. 114-1) ("Silverman's Cert."), the Aff.; PSOF ¶¶ 13, 23, 25; SRSOF ¶ 13, 23; Ex. F to Michael S. Simitz, Esq.'s Dec. 9, 2022, Certification (ECF No. 111) ("Simitz's Cert."), Colon's December 22, 2020, deposition transcript (ECF No. 111-7) ("Colon's Dep."), at T63:8-T64:21.  The Affidavit neither provides Sanders's statement that he lied nor his request to retract the same statement.  PSOF ¶ 24; Ex. E to Silverman's Cert., the Aff.  Moreover, despite Colon testifying that Cronin "never saw the" Affidavit and that he did not "call[]" Cronin to discuss the Affidavit, Cronin testified that she "would ordinarily speak to the detectives before [she] approve[s] charges." Colon's Dep., at T99:2-10; Ex. G to Simitz's Cert., Cronin's December 14, 2020, deposition transcript (ECF No. 111-8) ("Cronin's Dep."), at T38:7-11.  Colon also testified that the Affidavit was "approved by [] prosecutor [Cronin] before it" was presented to the judge and that Cronin "read[]" and approve[d] it," and could have "denie[d] it or request[ed]" that Colon "make changes to it."  Colon Dep., at T69:13-23, T71:25-T72:8.

On June 9, 2017, Plaintiff filed a Notice of Claim with Elizabeth wherein Plaintiff identified the EPD and Colon "as responsible for his damages."  EPD's Supplemental Statement of Undisputed Material Facts (ECF No. 112-3) (the "ESOF")[8] ¶ 4; PRSOF ¶ 4.[9]  The Notice of Claim similarly does not identify Szpond.  Ex. B to Robert F. Varady, Esq.'s Dec. 9, 2022, Certification (ECF No. 112-5), Notice of Claim, at ¶¶ 8-10.

## II.    **LEGAL STANDARD**

Summary judgment is appropriate where the Court is satisfied "that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a);

---

[8] Counsel improperly cites his own Certification as support of some proffered statements.  ESOF ¶¶ 7-9.  Because counsel did not "cit[e] to particular parts of materials in the record," (*see* Fed. R. Civ. P. 56(c)(1)(A)), the Court disregards ¶¶ 7-9.
[9] *See* Pl.'s Opp. at 5.

*see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material "only if it might affect the outcome of the suit under governing law." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Disputes over "irrelevant or unnecessary" facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248 (citation omitted). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence is to be believed and all justifiable inferences are to be drawn in his favor." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (citation and internal quotations omitted).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 322 (citations omitted). If the movant satisfies its initial burden, the nonmoving party cannot rest upon mere allegations in the pleadings to withstand summary judgment; rather, the nonmoving party "must counter with specific facts which demonstrate that there exists a genuine issue for trial." *Orson, Inc.*, 79 F.3d at 1366 (citation omitted). Specifically, the nonmoving party "must make a showing sufficient to establish the existence of each element of his case on which he will bear the burden of proof at trial." *Huang v. BP Amoco Corp*, 271 F.3d 560, 564 (3d Cir. 2001) (citation omitted). Thus, "a mere scintilla of evidence in the nonmovant's favor" is insufficient to "create a genuine issue of fact." *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 666 (3d Cir. 2016) (citation and internal quotations omitted). Ultimately, the Court's role is to "determine whether there is a genuine issue for trial" such that a reasonable jury could return a verdict for the nonmoving party. *See Brooks v. Kyler*, 204 F.3d 102, 105 n.5 (3d Cir. 2000) (citations omitted).

## III.    DISCUSSION

### A.    Because Plaintiff Abandoned Counts Two, Seven, Eight, and Eleven, the Claims are Dismissed *with Prejudice*

As an initial matter, the Court notes Plaintiff's claims are somewhat muddled, thus causing the Court to   comb through the Opposition to determine whether Plaintiff has satisfied his burden on summary judgment.  *See DeShields v. Int'l Resort Props. Ltd.*, 463 F.App'x 117, 120 (3d Cir. 2012) (Role of judge is not to "hunt[] for truffles buried in briefs.") (citation omitted).   The Court further notes that the Opposition does not "include a table of contents and a table of authorities" (*see* Local Civil Rule 7.2(b)). The Court "in its discretion will overlook the[se] procedural irregularities in deciding the merits of this case[,]" and proceed to Defendants' substantive arguments.  *Ameriprise Fin. Servs. v. Koenig*, No. 11-6140, 2012 WL 379940, *8 n.9 (D.N.J. Feb. 6, 2012).   Defendants contend that Plaintiff's failure to respond to any arguments raised should result in the Court granting summary judgment.  Szpond's Reply Br. (ECF No. 116), at 2[10]; Colon's Reply Br. (ECF No. 117), at 3-6; EPD's Reply Br. (ECF No. 118), at 2.  The Court agrees as to Counts Two, Seven to Eight, and Eleven, and disagrees as to Counts One and Six.

A party's "failure to respond to the defendant's arguments on summary judgment constitutes an abandonment of these causes of action . . . ."  *Brenner v. Twp. of Moorestown*, No. 9-219, 2011 WL 1882394, *11 (D.N.J. May 17, 2011) (citation and internal quotations and brackets omitted); *see also Desyatnik v. Atl. Casting & Eng'g Corp.*, No 3-5441, 2006 WL 120163, *1 (D.N.J. Jan. 17, 2006) ("[W]hen a party fails to offer any argument . . . in opposition to . . . [a] motion for summary judgment, such claims . . . have been abandoned.") (citation and internal quotations and ellipses omitted).

In respect to Count One, Colon argues that Plaintiff failed to argue in support of the claim.  Colon's Reply Br. at 3-4.  The Court disagrees.  Plaintiff alleges that the Affidavit stated he was "observed" on the

---

[10] The Court refers to the ECF page numbers for the documents discussed herein.

All Star Café Video possessing and giving the gun used in the December Shooting to Sanders.  Compl. ¶ 88.  Also, that Defendants "withheld" Sanders's statement that he lied and wished to recant his statement. *Ibid.*  In the Opposition, Plaintiff argues: (i) Defendants lacked probable cause to charge him; that (ii) the Affidavit contains a fabrication as to what Colon saw in the All Star Café Video; and that (iii) Plaintiff was falsely imprisoned in violation of due process.  Opp. at 10-13.  As a result, the Court finds Plaintiff did not abandon the § 1983 claim.  For substantially the same reasons, Plaintiff similarly did not abandon his claim under the New Jersey Civil Rights Act.

Next, Colon argues Plaintiff "does not contest that he has no valid" § 1981 claim.  Colon's Reply Br. at 4.  The Court agrees.  In the Complaint, Plaintiff alleges Defendants' actions violated § 1981, as well as the Fourth Amendment of the United States.  Compl. ¶ 92.  And that those actions were done to "injure, oppress and intimidate" Plaintiff "because of his race, ethnicity, national origin, or other protected attribute."  *Id.* ¶ 93.  The Opposition, however, fails to provide the elements of a § 1981 claim (*see Castleberry v. STI Group*, 863 F.3d 259, 263 (3d Cir. 2017)), does not articulate how Defendants' actions were motivated by race, national origin, or protected attribute, and the only reference to the Fourth Amendment is in respect to Plaintiff's malicious prosecution claim.  Opp. at 10-12.  Plaintiff also failed to dispute Colon's and the EPD's assertion that § 1981 claims apply only in contracts and property transactions cases.  Colon's Br. at 29-30; EPD's Br. at 16-17.  The Court, therefore, finds Plaintiff abandoned the § 1981 claim, which is accordingly dismissed *with prejudice*.  *See Bernard v. Webb-McRae*, No. 17-7030, 2020 WL 1329934, *2 (D.N.J. Mar. 23, 2020) (dismissing §§ 1983, 1985, and New Jersey Civil Rights Act claims for failure to respond to the arguments raised in) (citation omitted).

Colon further argues that Plaintiff does not "contest that he has no valid claim for" willful disregard.  Colon's Reply Br. at 5.  The Court agrees.  Plaintiff alleges Defendants' conduct "was outrageous, wanton and willful," done "in reckless indifference to" Plaintiff's rights, and that Defendants

"acted with deliberate indifference to" Plaintiff's rights.  Compl. ¶¶ 110-11.  The Opposition provides no supporting arguments.  Plaintiff further failed to respond to Colon's argument that the willful disregard claim "is actually a claim for Deliberate Indifference under the Due Process Clause of the Fourteenth Amendment[,]" and that such claim applies only in the context of pre-trial detainees (*see* Colon's Br. at 34-35), thereby "leading the Court to conclude that he had abandoned" the claim and "warranting its dismissal."  *Williams v. Lenape Bd. of Educ.*, 17-7482, 2020 WL 2111221, *19 (D.N.J. May 4, 2020) (citation omitted).  Thus, the willful disregard claim is dismissed *with prejudice*.

Additionally, the Court finds that Plaintiff abandoned the abuse of process claim.  In support of this claim Plaintiff alleges that Defendants "made improper, illegal and perverted use of the legal process and their resort to the legal process was neither warranted nor authorized by law."  Compl. ¶ 114.  And that Defendants "had ulterior motives in initiating the legal process against Plaintiff by filing a criminal complaint against him."  *Id.* ¶ 115.  Plaintiff failed to discuss the claim in the Opposition and, like the § 1981 claim, did not provide the elements of the claim.  *See Galbraith v. Lenape Reg'l High Sch. Dist.*, 964 F.Supp. 889, 897-98 (D.N.J. 1997).  Lastly, Plaintiff does not refute Colon's argument that because "[t]here was no civil action and [he had] no involvement in the criminal case . . .  after the institution of charges[,]" the claim should be dismissed.  Colon's Br. at 36.  The claim is therefore dismissed *with prejudice*.

The Court further finds that Colon and the EPD are entitled to judgment as a matter of law on Plaintiff's abuse of process claim.  "To succeed on a claim for malicious abuse of process, a plaintiff must demonstrate some coercive or illegitimate use of the judicial process."  *Galbraith*, 964 F.Supp. at 898 (citation and internal quotations omitted).  The plaintiff "must show an ulterior motive and some further act after the issuance of process . . . ."  *Simone v. Golden Nugget Hotel and Casino*, 844 F.3d 1031, 1036-37 (3d Cir. 1988) (citation omitted).  Indeed, the "touchstone of this tort is that, subsequent to the issuance

of process, a party has perverted that process." *Mosley v. Delaware River Port Auth.*, No. 99-4147, 2000 WL 1534743, \*9 (D.N.J. Aug. 7, 2000) (citation omitted).

It is undisputed that criminal charges were approved against Plaintiff, that Colon prepared the Affidavit and testified that he did not see Plaintiff possessing the gun, and that Sanders's and Plaintiff's deposition testimony confirms Plaintiff did not give Sanders the gun.  SSOF ¶¶ 21-22; PRSOF ¶¶ 16, 21-22, 29-30, CSOF ¶¶ 16, 29-30; PSOF ¶¶ 13, 23, 25; SRSOF ¶ 13, 23; Colon's Dep., at T63:8-T64:21; Sanders's Dep., at T26:6-17.  It is also undisputed that the Indictment was issued against Plaintiff, that Plaintiff was "waived" by the Kansas City Chiefs, and that two (2) months later, the Prosecutor's Office sought and obtained a dismissal of the Indictment.  SSOF ¶¶ 24-25, 27; PRSOF ¶¶ 24-25, 27.  These facts, however, do not establish some "further act" necessary to sustain a claim.  *See Galbraith*, 964 F.Supp. at 898 (Abuse of process claim, "cannot be premised upon a sinister motive, alone.") (citations omitted).  Indeed, there are no facts suggesting Defendants "took some further act after issuance of process that was illegitimate." *Cagno v. Ivery*, 2022 WL 17887231, \*9 (D.N.J. Dec. 23, 2022).  Moreover, Plaintiff's charge, even if were brought for some ulterior motive, is not enough to sustain a claim.  *See Zebrowski v. Wells Fargo Bank, N.A.*, 657 F.Supp.2d 511, 518 (D.N.J. 2009) ("Where a defendant carries out process to its authorized conclusion, albeit with bad intentions, there is no valid claim for abuse of process.") (citation omitted).

Though in support of other claims, Plaintiff argues that Defendants purportedly omitted information to obtain probable cause to charge Plaintiff, and that Defendants conspired with the Prosecutor's Office to "materially fabricate[] charges against Plaintiff and proceeded with the same despite knowing them to be false."  Opp. at 12, 14.  Even if true, such actions were taken prior to the issuance of process at issue here.  *See Rogers v. Henry*, No. 2-3495, 2006 WL 2850605, \*4 (D.N.J. Oct. 3, 2006) (Because "Plaintiff's allegations of abuse of process pertain only to actions that took place before

11

process had been issued, Plaintiff has not raised a genuine issue of material fact with regard to the existence of a malicious abuse of process claim.") (citation omitted).   Thus, Colon and the EPD are entitled to judgment as a matter of law, and Plaintiff's abuse of process claim is dismissed *with prejudice*.

Finally, Colon argues that Plaintiff does not dispute that he has no claim for negligence.  Colon's Reply Br. at 7.  The Court agrees.  Plaintiff alleges that Defendants committed negligence because they owed him a duty of care, which they breached "by fabricating and manufacturing evidence[,]" and such breach proximately causing him injuries.  Compl. ¶¶ 129-33.  The Opposition, however, neither provides the elements of a negligence claim nor sets forth any argument in support of the same.  Further, Plaintiff does not dispute that the claim is barred by the Tort Claims Act.  EPD's Br. at 33.[11]  Thus, the claim is dismissed *with prejudice*.

### B.   As Counts Five, Nine, Twelve and Fourteen Are Barred by the Tort Claims Act, the Claims are Dismissed *with Prejudice*

Szpond argues that Plaintiff's claims for false arrest and imprisonment and intentional infliction of emotional distress are barred under the Tort Claims Act.  Szpond's Br. at 28-29.  The EPD argues Plaintiff's claims for negligent screening, hiring, training, supervising and retention and vicarious liability are similarly barred.  EPD's Br. at 27, 35.  The Court agrees that the claims are barred.

The Tort Claims Act "sets forth a procedural framework for making claims against public entities and public employees."  *Geissler v. City of Atlantic City*, 198 F.Supp.3d 389, 400 (D.N.J. 2016) (citing N.J.S.A. 59:8-3).  Under N.J.S.A. 59:8-8, a plaintiff is "forever barred from recovering against a public entity or public employee if . . . [t]he claimant failed to file the claim with the public entity within 90 days of the claim."  *Geissler*, 198 F.Supp.3d at 400 (citations and internal quotations omitted).  "The notice

---

[11] While Plaintiff argues Defendants are not entitled to qualified immunity (*see* Opp. at 15), which may be in response to Colon's immunity argument (*see* Colon's Br. at 43-44), Plaintiff maintains that this argument is in support of claims for malicious prosecution and false arrest and imprisonment.  Opp. at 16.

provision" of the Tort Claims Act "applies to both intentional and non-intentional torts[.]" Lassoff *v. New Jersey*, 414 F.Supp.2d 483, 490 (D.N.J. 2006) (citation omitted).

Szpond and the EPD correctly argue the claims "accrued at the time of arrest and/or imprisonment." Szpond's Br. at 28; EPD's Br. at 27. *See Heath v. Gloucester Twp.*, 2020 WL 7090743, *9 (D.N.J. Dec. 4, 2020) ("[C]laims for false arrest, false imprisonment" accrue "on the day of the incident or arrest.") (citation omitted). Here, Plaintiff turned himself in on January 5, 2017, and spent "approximately two days in jail" thereafter. SSOF ¶¶ 21, 23; PRSOF ¶¶ 21, 23; SRSOF ¶ 27; Pl.'s Dep., T61:6-14; T62:6-12; T63:2-64:2. Under the Tort Claims Act, the Notice of Claim was to be filed no later than April 5, 2017. Plaintiff failed to do so.

Plaintiff admits that he filed the Notice of Claim with Elizabeth on June 9, 2017[12]. ESOF ¶ 4; PRSOF ¶ 4. This is approximately two (2) months after notice should have been given. Plaintiff does not dispute that he failed to timely file notice or that the Tort Claims Act bars his recovery. *See, gen.*, Opp. Because failure to file the notice of tort claim entitles the opposing party to judgment as a matter of law (*see Nance v. Danley*, No. 17-6409, 2019 WL 2367064, *4 (D.N.J. June 5, 2019)), the Court finds Szpond and the EPD are entitled to summary judgment on Counts Five, Nine, Twelve and Fourteen, which are accordingly dismissed *with prejudice*.

### C.   Counts One, Three, Four, Six, and Ten Against Szpond Are Dismissed *with Prejudice*

Because no genuine issues of material fact exist and Szpond is entitled to judgment as a matter of law, the Court dismisses Counts One, Three, Four, Six, and Ten *with prejudice*. The Court also finds Szpond is immune from suit because he is entitled qualified immunity.

---

[12] Szpond states without support in the record that Plaintiff filed a notice of tort claim on July 6, 2017.

### 1.    The Claims Lack Evidentiary Support

Plaintiff argues "Defendants lacked probable cause, as evidenced by the false Affidavit[,]" that "[i]t was only through perjury, knowing omission and corruption that the Defendants obtained the probable cause finding against Plaintiff[,]" and that "Defendants in concert and in conspiracy with" the Prosecutor's Office "materially fabricated charges against" Plaintiff.  Opp. 12, 14.[13]  In reviewing the record, the Court finds Szpond played no role in these allegations.

First, Plaintiff does not identify Szpond in the Notice of Claim.  ESOF ¶ 4; PRSOF ¶ 4; Notice of Claim, at ¶¶ 8-10.  Second, Plaintiff admits all 30 statements of material facts proffered by Szpond (*see* Opp. at 2-3), including paragraphs 5 and 27 (*see* SSOF ¶¶ 5, 27), which do not cite to materials in the record in violation of Federal Rule of Civil Procedure 56(c)(1)(A)[14].  Third, Plaintiff does not proffer any facts related to Szpond beyond his and Colon's statement to Sanders that he could recant his statement later.  *See, gen.*, PSOF ¶¶ 1-30.  Indeed, the facts only show that Szpond "assisted" Colon "with the investigation of Sanders."  SSOF ¶ 4; PRSOF ¶ 4.  Szpond's assistance, however, was limited to the Sanders interview.  CSOF ¶¶ 6-7; SSOF ¶ 16; PRSOF ¶¶ 6-7, 16.

During the Sanders Interview, Szpond and Colon told Sanders that he could recant any portion of his statement but not that night.  SSOF ¶ 20; PRSOF ¶ 20; PSOF ¶ 21; SRSOF ¶ 21.  That was the extent of Szpond's involvement, which does not give rise to a genuine issue of material fact to preclude Szpond's entitlement to judgment as a matter of law.  *See Kaucher*, 455 F.3d at 423 (Factual dispute is genuine if only there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party" and is material only if it can "affect the outcome of the suit under governing law.") (citation

---

[13] Plaintiff further asserts that when he "appeared at the" EPD, "he was separated from his attorney and [Defendants] attempted to interview him on video."  PSOF ¶ 28.  Szpond disputes the statement.  SRSOF ¶ 28.  Because the statement is unsupported by the cited testimony (*see* Pl.'s Dep., at T140:5-9), and is in dispute, the Court does not consider the statement.
[14] Plaintiff similarly admits the EPD's statements that do not cite to the record.  *See* ESOF ¶ 7; PRSOF ¶ 7.

omitted).  To be sure, Szpond's limited role is neither genuine nor material because Plaintiff's claims rely on the actions of Colon, the EPD, and non-party Cronin.

Cronin reviewed the Sanders Interview and All Star Café Video and determined there was probable cause to charge Plaintiff.  CSOF ¶¶ 10, 14-15; PRSOF ¶¶ 10, 14-15.  Colon prepared the Affidavit and testified at the grand jury that Sanders identified Plaintiff as the person who handed him the gun used at the December Shooting.  CSOF ¶¶ 16, 21; SSOF ¶ 22; PRSOF ¶¶ 16, 21-22.  When asked what Szpond "did wrong" in this matter, Plaintiff testified that "somebody could have said" to the grand jury when his case was "presented[,]" that Sanders "said that he lied about his statement[,]" and that "somebody could have done something" in connection about the All Star Café Video.  Pl.'s Dep., at T114:20-T115:10.  Thus, these facts of record do not suggest that Szpond was involved in the decision to charge Plaintiff, the preparation and presentation of the Affidavit, and/or Plaintiff's limited jail stay.

In viewing the evidence in the light most favorable to Plaintiff, and in affording him all reasonable inferences (*see Brownstein v. Lindsay*, No. 10-1581, 2012 WL 12918406, *1 (D.N.J. Jan. 3, 2012)), the Court accordingly finds that there are no facts to suggest Szpond is liable to Plaintiff.  And because the record shows Plaintiff's claims are directed to Colon and the EPD, there are no disputed facts to preclude Szpond's entitlement to summary judgment.  Therefore, Counts One, Three, Four, Six, and Ten are dismissed *with prejudice*.

## 2.      Szpond is Entitled to Qualified Immunity

Plaintiff contends that Defendants are not entitled to qualified immunity because "[t]here is sufficient evidence to conclude that they violated plaintiff's substantive due process rights . . . ."  Opp. at 15.  The Court disagrees as to Szpond.

Qualified immunity "is an affirmative defense and the burden of pleading it rests with the defendant."  *Brenner*, 2011 WL 1882394, 12 (D.N.J. May 17, 2011) (citation omitted).  Qualified

immunity "shields government officials from suit and from liability if their conduct does not violate clearly established statutory of constitutional rights of which a reasonable person would have known." *Mack v. Yost*, 63 F.4th 211, 221 (3d Cir. 2023) (citation and internal quotations omitted).

"The Third Circuit Court of Appeals uses a two-step inquiry to determine whether a government official is entitled to qualified immunity in connection with the arrest of a private citizen." *Brenner*, 2011 WL 1882394, at *12 (citation omitted). First, courts consider "if the facts, taken in the light most favorable to the party asserting the injury, show the officer's conduct violated a constitutional right." *Lozano v. New Jersey*, 9 F.4th 239, 245 (3d Cir. 2021) (citation and internal quotations, brackets and ellipses omitted). Second, "whether the right was clearly established, because the contours of the right must be sufficiently clear such that the unlawfulness of the action was apparent in light of pre-existing law[.]" *Lozano*, 9 F.4th at 245 (citation and internal quotations and brackets omitted).

Here, the analysis stops at the first prong because there are no facts in dispute that suggest Szpond violated Plaintiff's constitutional rights. *See Peroza-Benitez v. Smith*, 994 F.3d 157, 165 (3d Cir. 2021) ("An answer in the negative to either prong entitles an officer to qualified immunity.") (citation omitted). Because Szpond has demonstrated that he did not violate Plaintiff's constitutional rights, the Court finds Szpond is immune from liability.

### D.   Plaintiff's Malicious Prosecution Claim (Count Ten) Brought Under § 1983 (Count One) and the New Jersey Civil Rights Act (Count Six) Are Dismissed *with Prejudice* Against the EPD But Not as to Colon

The Court finds that the EPD is entitled to summary judgment as to Plaintiff's malicious prosecution claim because the EPD is immune from suit. As to Colon, however, Plaintiff has established genuines issue of material fact to deny summary judgment. Therefore, the Court dismisses Counts One, Six, and Ten *with prejudice* as to the EPD only.

Because § 1983 and the New Jersey Civil Rights Act claims are similarly analyzed (*see Duardo v. City of Hackensack*, 2023 WL 4418606, *5 (D.N.J. July 10, 2023)), the Court will do so here.  To establish a claim for malicious prosecution under § 1983, a plaintiff must show: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendants initiated the proceeding without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) [the plaintiff] suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."  *Zimmerman v. Corbett*, 873 F.3d 414, 418 (3d Cir. 2017) (citation and internal brackets omitted).  As to the second prong, the plaintiff "need only show that the criminal prosecution ended without a conviction."  *Thompson v. Clark*, 142 S. Ct. 1332, 1341 (2022).  The plaintiff must also show "the absence of" probable cause and qualified immunity.  *Thompson*, 142 S. Ct. at 1340-41.  "Under New Jersey law, . . . [the] [p]laintiff must establish that the defendant[:] (1) instituted proceedings[;] (2) without probable cause[;] and (3) with legal malice; and (4) the proceedings terminated in favor of the plaintiff."  *Trabal v. Wells Fargo Armored Serv. Corp.*, 269 F.3d 243, 248 (3d Cir. 2001) (citation omitted).  Here, the Court will address in turn the EPD's and Colon's arguments as to Plaintiff's § 1983 and New Jersey Civil Rights Act claims.

### 1.    The EPD Is Not Liable for Colon's Malicious Acts or Willful Conduct

Preliminarily, the Court will review EPD's potential liability.  The EPD argues that Plaintiff's malicious prosecution claim should be dismissed because as a public entity it is not liable for the intentional torts of its employees.  EPD's Br. at 32-33.  The Court agrees.

Plaintiff alleges "Defendants were activated by malicious motives in prosecuting the charges lodged against Plaintiff."  Compl. ¶ 126; *see also* Opp. at 12.  The EPD, however, is immune from suit.  N.J.S.A. 59:2-10 provides that "[a] public entity is not liable for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or willful misconduct."  Indeed, public entities are

"incapable of acting with malice" such that a plaintiff may sustain a malicious prosecution claim against the same. *Jones v. New Jersey Dept. of Corrections*, No. 4-4052, 2009 WL 3128351, *3 (D.N.J. Sept. 28, 2009) (citations omitted); *see also Moriarty v. DiBuonaventura*, No. 14-2492, 2014 WL 3778728, *10 (D.N.J. July 31, 2014) (Dismissing malicious prosecution claim against police department because claim was "premised on the intentional, willful conduct of" officers); *Graham v. Carini*, No. 9-4501, 2011 WL 1639998, *4 (D.N.J. May 2, 2011) (finding municipality and police department were immune from suit because malice was an element of plaintiff's malicious prosecution claim).

Here, because the malicious prosecution claim requires Plaintiff to demonstrate that the EPD acted maliciously, the EPD is entitled to judgment as a matter of law, and the claim is dismissed *with prejudice*.

### 2. Plaintiff Established Genuine Issues of Material Fact Exist as to Colon

#### a) A Reasonable Jury May Conclude There Was No Probable Cause to Charge and Indict Plaintiff

Because the record indicates beyond dispute that: (1) the Defendants initiated a criminal proceeding against Plaintiff; and that (2) the criminal proceeding ended in Plaintiff's favor;[15] the Court will dispense with further review of these elements and address the following element, (3) the Defendants initiated the proceeding without probable cause. Colon argues that because there was probable cause, Plaintiff's malicious prosecution claim should be dismissed. Colon's Br. at 38. Because a material issue of fact has been demonstrated, however, a reasonable jury could decide that there was no probable cause, and the Court accordingly finds that Colon is not entitled to judgment as a matter of law.

"Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Goodwin v. Conway*, 836 F.3d 321, 327 (3d Cir.

---

[15] Plaintiff's "criminal proceeding ended in his favor" (*see Zimmerman*, 873 F.3d at 418 (citation and internal brackets omitted)), because on July 17, 2017, the Prosecutor's Office "sought, and was granted, an Order dismissing the indictment against Plaintiff." SSOF ¶ 27; PRSOF ¶ 27.

2016) (citation and internal quotations and brackets omitted). A court "may conclude that probable cause exists as a matter of law if the evidence, viewed most favorably to the nonmoving party, reasonably would not support a contrary factual finding." *Goodwin,* 836 F.3d at 327 (citation and internal quotations and brackets omitted). The question of probable cause "is generally left to the jury . . . ." *Goodwin*, 836 F.3d at 327 (citation omitted). This is because a probable cause determination "is necessarily fact-intensive, and will usually be appropriate for a jury to determine whether probable cause existed." *Dempsey v. Bucknell* University, 834 F.3d 457, 468 (3d Cir. 2016) (citation omitted). This analysis applies in § 1983 actions. *See Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d Cir. 1997) ("[t]ypically, the existence of probable cause in a section 1983 action is a question of fact.") (citations omitted).

Plaintiff argues that "the question of probable cause in a section 1983 damage suit is one for the jury." Opp. at 11 (quoting *Montgomery v. De Simone*, 159 F.3d 120, 124 (3d Cir. 1998) (citation omitted)). The Court agrees. "There is a tension inherent in evaluating probable cause at the summary judgment stage." *Castro v. New Jersey*, 521 F.Supp.3d 509, 519 (D.N.J. 2021), *appeal dismissed sub nom*. As a result, "[t]he Third Circuit has directed . . . that [c]ourts should exercise caution before granting a defendant summary judgment in a malicious prosecution case when there is a question of whether there was probable cause for the initiation of the criminal proceeding . . . ." *Castro*, 521 F.Supp.3d at 522 (citation and internal quotations omitted). To that end, it "certainly is inappropriate for a court to grant a defendant officer's motion for summary judgment in a malicious prosecution case if there are underlying factual disputes bearing on the issue or if reasonable minds could differ on whether he had probable cause for the institution of the criminal proceedings . . . ." *Id.* at 522-53 (citation and internal quotations omitted). Because a reasonable jury could find that there was no probable cause for Plaintiff's charge and Indictment, the Court finds that "[o]n this record, a jury, and not this Court, must resolve these issues." *Id.* at 523.

As an initial matter, Colon appropriately argues that Cronin "was not required to introduce" Sanders's "recantation" to the grand jury.  Colon's Br. at 16.  *See Fehl v. Borough of Wallington*, 2021 WL 4473157, *15 (D.N.J. Sept. 30, 2021) ("[T]here is no obligation to present exculpatory evidence to grand juries.") (citation omitted).  The Court also notes that in malicious prosecution cases, a "grand jury indictment constitutes prima face evidence of probable cause[.]" *Deposito v. New Jersey*, 2022 WL 4626501, *5 (D.N.J. Sept. 30, 2022) (citations and internal ellipses omitted).  A plaintiff, however, may "rebut the presumption [] by showing that the indictments resulted from fraud, perjury or other corrupt means." *Deposito*, 2022 WL 462501, at *5 (citation and internal quotations omitted).

It is undisputed that Cronin "did not believe that the" All Star Café Video alone established probable cause to "arrest Plaintiff," rather that the All Star Café Video be considered along with Sanders's statement that Plaintiff gave him the gun .  CSOF ¶¶ 14-15; PRSOF ¶¶ 14-15.  In other words, without both, there would not have been sufficient probable cause to charge Plaintiff.  It is also undisputed that the Affidavit, which memorialized the basis for probable cause, "was based upon" the Sanders Interview and All Star Café Video "taken together."  CSOF ¶ 17; PRSOF ¶ 17.  The Court, however, finds that genuine issues of material fact exist as to Colon's representation in the Affidavit to rebut the presumption of probable cause.

While the Affidavit provides that Plaintiff "was observed on surveillance video handing over a handgun to co-defendant, [] Sanders, outside of All Star Café" and that Sanders "admit[ted] that" Plaintiff "handed him the handgun[,]" Colon testified that "he never saw [Plaintiff] possessing a gun[,]" "didn't see [Plaintiff] with a gun," and that Plaintiff is "not seen with a gun in his hands" in the All Star Café Video.  Ex. E to Silverman's Cert., the Aff.; PSOF ¶¶ 13, 23, 25; SRSOF ¶ 13, 23; Colon's Dep., at T63:8-T64:21.  Moreover, the Affidavit does not provide Sanders's statement that he lied or include Sanders's request to retract portions of his statement.  PSOF ¶ 24; Ex. E to Silverman Cert., the Aff.  As a result,

whether there was probable cause, considering that Colon's representation in the Affidavit is undermined by his own deposition testimony, and Colon's alleged "purposeful omission" of Sanders's statement that he lied and that he wished to recant (*see* Opp. at 12), are genuine fact issues that are inappropriate for summary judgment.

The Court notes that Plaintiff admitted that Colon "did not have any involvement in th[e] decision to charge Plaintiff" and that Colon's grand jury testimony was in response to questions posed by the Prosecutor's Office. CSOF ¶¶ 10, 22; PRSOF ¶¶ 10, 22. This, however, does not establish that the record evidence "reasonably would not support a contrary factual finding." *Goodwin,* 836 F.3d at 327 (citation and internal quotations omitted). In "constru[ing] all facts and inferences in the light most favorable to" Plaintiff, the Court concludes that a reasonable jury should determine whether probable cause was present. *Read v. Profeta*, 397 F.Supp.3d 597, 625 (D.N.J. 2019) (citation omitted). For this reason, the Court denies Colon's motion for summary judgment as to Counts One, Six, and Ten.

b)    <u>The Same Jury May Conclude Colon Acted Maliciously</u>

Plaintiff argues that like probable cause, whether his prosecution "was done with legal malice" should similarly be put to the jury. Opp. at 11. The Court agrees.

In a malicious prosecution claim, whether the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice "may be inferred from lack of probable cause." *Roberts v. Cty. of Essex*, 2022 WL 18024214, *9 (D.N.J. Dec. 30, 2022) (citation and internal quotations omitted). "As a result, fact issues precluding a finding on probable cause will generally also preclude a finding on malice." *Roberts*, 2022 WL 18024214, at *9 (citation and internal quotations omitted). Moreover, "[i]t is settled law that officers who conceal and misrepresent material facts to" prosecutors "are not insulated from a § 1983 claim for malicious prosecution simply because the prosecutor, grand jury . . . all act independently to facilitate erroneous convictions." *Halsey v. Pfeiffer*, 750 F.3d 273, 297 (3d Cir. 2014) (citations

omitted).  Here, because a reasonable jury could find that probable cause was lacking, the same jury could similarly conclude that Colon acted with malice in this case.

The Affidavit reads Plaintiff "was observed on surveillance video handing over a handgun to" Sanders, despite Colon's testimony that "he never saw [Plaintiff] possessing a gun[,]" and that Plaintiff is "not seen with a gun in his hands" in the same video.  Ex. E to Silverman's Cert., the Aff.; PSOF ¶¶ 13, 23, 25; SRSOF ¶ 13, 23; Colon's Dep., at T63:8-T64:21.  There is also a genuine issue of material fact regarding whether Cronin reviewed the Affidavit and/or spoke with Colon prior to charging Plaintiff.  *See* Colon's Dep., at T99:2-10; Cronin's Dep., at T38:7-11; *see also* Fed. R. Civ. P. 56(c)(3) (Courts "may consider other materials in the record" in deciding motions for summary judgment).  As a result, a reasonable jury could conclude that Colon acted maliciously in his communication with Cronin.  Such a finding is further supported by Colon's testimony that Cronin read and approved the Affidavit before it was presented to the judge.  Colon Dep., at T69:13-23, T71:25-T72:8.  *See Evans v. City of Newark*, 2023 WL 2535283, *18-19 (D.N.J. Mar. 16, 2023) (finding jury could conclude defendants acted maliciously due to material omissions).  In so finding, the Court does not "weigh the evidence" and takes no position as to the truth of the same.  *Camp v. Scholtz*, No. 17-1895, 2020 WL 1330192, *5 (D.N.J. Mar. 23, 2020) (citations omitted).

         c)    The Same Jury May Find Colon Influenced or Participated in the Prosecutor's Office's Decision to Institute Criminal Proceedings Against Plaintiff

Colon argues that because Colon did not influence or participate in the decision to prosecute Plaintiff, the malicious prosecution claim should be dismissed.  While Plaintiff does not dispute or otherwise respond to Colon's assertion, the Court disagrees.

"Although prosecutors are the ones who typically initiate criminal proceedings, a law enforcement officer may be liable for malicious prosecution where the officer influenced or participated in the decision

to institute criminal proceedings." *Saint-Jean v. Cty. of Bergen*, 509 F.Supp.3d 87, 101 (D.N.J. 2020) (citation and internal quotations omitted).  Here, there is a genuine issue of material fact regarding Colon's involvement in Cronin's decision to charge and prosecute Plaintiff.  *See* Colon's Dep., at T69:13-23; T71:25-T72:8; T99:2-10; Cronin's Dep., at T38:7-11; *see also Diaz v. Donahoe*, No. 10-6510, 2013 WL 85262, *13 (D.N.J. Jan. 4, 2013) (considering uncited deposition testimony in consideration of a motion for summary judgment); *see also Turkmany v. Excelsior Ins. Co.*, No. 12-142, 2014 WL 3556390, *6 n.3 (D.N.J. July 18, 2014) (considering uncited exhibit in summary judgment motion).

d) <u>Evidence Shows Plaintiff Was Deprived of His Liberty</u>

Malicious prosecution claims under § 1983, require a showing that Plaintiff "suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."  *Halsey*, 750 F.3d at 297 (3d Cir. 2014) (citations omitted).  Colon argues that Plaintiff was not deprived of liberty because "[t]hough Plaintiff was arrested, he was able to make bail and remained free until his charges were dismissed."  Colon's Br. at 41.  This statement is internally inconsistent and contradicted by the record evidence.  Colon's argument that Plaintiff was not deprived of liberty while nevertheless acknowledging Plaintiff's arrest is in effect an oxymoron.

The United States Supreme Court has held that "the arrest of a person is quintessentially a seizure." *Torres v. Madrid,* 141 S. Ct. 989, 996 (2021) (citation and internal quotations omitted).  It is undisputed that Plaintiff suffered a further deprivation of his liberty because after turning himself in, he "spen[t] approximately two days in jail."  SSOF ¶ 23; PRSOF ¶ 23; PSOF ¶ 27; SRSOF ¶ 27; Pl.'s Dep., at T61:6-14; T62:6-12; T63:2-64:2.  Moreover, Colon has not disputed these facts and they are thereby established for purposes of the motion.  *See* Fed. R. Civ. P. 56(e)(2) (Party's "fail[ure] to properly address another party's assertion of fact" permits the court to "consider the fact undisputed for purposes of the motion[.]").  Accordingly, for purposes of the motion, Plaintiff "suffered deprivation of liberty consistent with the

23

concept of seizure as a consequence of a legal proceeding." *Zimmerman*, 873 F.3d at 418 (citation and internal quotations omitted). As a result, Colon is not entitled to judgment as a matter of law on the claim, and summary judgment is denied.

### 3.     Colon Is Not Entitled to Qualified Immunity

Because the New Jersey Civil Rights Act is "a state law analogue to Section 1983," federal law applies to a qualified immunity analysis under such a claim, and "because qualified immunity under § 1983 is an immunity from suit," so too is it an immunity from suit under the New Jersey Civil Rights Act. *Lozano*, 9 F.4th at 244 (citations and internal quotations omitted). In the context of a police officer, the officer "is entitled to qualified immunity under § 1983 [and the New Jersey Civil Rights Act] unless the plaintiff shows that the officer violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* 9 F.4th at 244 (citation and internal quotations omitted).

As discussed herein, in deciding whether qualified immunity applies, Third Circuit courts consider: "(1) whether the facts alleged by the plaintiff show the violation of a constitutional right, and (2) whether the law was clearly established at the time of the violation." *Jefferson v. Lias*, 21 F.4th 74, 80 (3d Cir. 2021) (citation omitted). Here, the Court finds Colon is not entitled to qualified immunity because both prongs are established based on the record evidence.

In support of the malicious prosecution claim, Plaintiff argues "Defendants lacked probable cause, as evidenced by the false Affidavit[,]" that "[i]t was only through perjury, knowing omission and corruption that the Defendants obtained the probable cause finding against Plaintiff[,]" and that "Defendants in concert and in conspiracy with" the Prosecutor's Office "materially fabricated charges against the Plaintiff . . . ." Opp. 12, 14. As to what rights Colon purportedly violated that were clearly established at the time, Plaintiff alleges that pursuant to the Fourth Amendment, he "had a constitutional right to be free from the use of unlawful seizure, arrest and incarceration . . . ." Compl. ¶¶ 5, 7, 85. Colon

opposes this assertion by contending that because the Affidavit and All Star Café Video established probable cause and he relied on Cronin's direction in charging Plaintiff, he did not violate Plaintiff's constitutional rights.  Colon's Br. at 20-21.  The Court disagrees.

On this record, there are genuine issues of material fact as to whether there was probable cause to arrest, indict, and prosecute Plaintiff.  There is also a genuine issue of material fact as to whether Colon acted maliciously, and whether Colon influenced or participated in the decision to charge Plaintiff.  Moreover, Colon's testimony undercuts his own representation in the Affidavit that Plaintiff was seen handing Sanders the gun used in the December Shooting.  On these facts, it cannot be said that Colon "reasonably but mistakenly conclude[d] that probable cause [was] present . . . ."  *Lozano*, 9 F.4th at 246 (citations and internal quotations omitted).  Given this, it would be inappropriate to conclude that Colon is entitled to qualified immunity.  *See Bland v. City of Newark*, 900 F.3d 77, 83 (3d Cir. 2018) ("[Q]ualified immunity protects all but the plainly incompetent or those who knowingly violate the law.") (citation and internal quotations omitted).  Thus, Colon's liability under § 1983 and the New Jersey Civil Rights Act is a question for the jury.

### E.    Colon and the EPD Are Entitled to Judgment as a Matter of Law on Counts Three and Four

In support of the § 1985 claim, Plaintiff alleges Colon and the EPD were involved in "a conspiracy to violate the civil rights of Plaintiff based on his race, ethnicity, national origin, or other unlawful basis." Compl. ¶ 95.  And under § 1986, Plaintiff alleges Colon and the EPD "had knowledge of the discrimination/violation of constitutional rights perpetrated on Plaintiff . . . but neglected and failed to prevent said wrongful and illegal acts when they had power to do so." *Id.* ¶ 98.  In the Opposition, Plaintiff argues "Defendants in concert and in conspiracy with the" Prosecutor's Office "materially fabricated charges against [] Plaintiff and proceeded with the same despite knowing them to be false." Opp. at 14.

25

§ 1985(3) "imposes liability on two or more persons who conspire for the purpose of depriving any person or class of persons of the equal protection of the laws." *Ziglar v. Abbasi*, 582 U.S. 120, 150 (2017) (internal quotations and ellipses omitted).  § 1986 provides that any "person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 . . . are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, . . . shall be liable to the party injured . . . ."  § 1986.

As an initial matter, the EPD alleges a municipality may not be liable under § 1985.  EPD's Br. at 17-18.  The Court disagrees with this proposition.  *See Johnson v. City of Clifton*, 2023 WL 4248859, *6 (D.N.J. June 29, 2023) (§ 1985 claim against municipal police department is considered under the same *Monell* analysis applied in § 1983 actions) (citations omitted).  Nevertheless, the Court finds that Colon and the EPD are entitled to judgment as a matter of law on Plaintiff's §§ 1985 and 1986 claims.

First, Plaintiff has no cognizable § 1985(3) claim because there is no evidence that "two or more persons" conspired against Plaintiff.  Cronin and the Prosecutor's Office were dismissed from the case, and Plaintiff has no cause of action against Szpond, who is also entitled to qualified immunity.  Further, Plaintiff lacks specificity as to who purportedly conspired to deprive him of rights beyond "Defendants" and "multiple actors, in concert with each other[.]" Opp. at 14.

Second, even if Cronin and Colon were alleged to have conspired together, there is no evidence beyond Plaintiff's personal view (*see* PSOF ¶ 29), which suggests such conspiracy was due to Plaintiff's race or class.  *See Lasche v. New Jersey*, No. 20-2325, 2022 WL 604025, *7 (3d Cir. Mar. 1, 2022) ("[T]here must be some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action.") (citation and internal quotations omitted); *see also Reeves v. Cty. of Bergen*, 2022 WL 4104239, *7 (D.N.J. Sept. 8, 2022) ("Section 1985(3) actions are limited to conspiracies predicated on racial, or perhaps otherwise class based, invidiously discriminatory animus.") (citation and

internal quotations omitted).  Indeed, Plaintiff's personal beliefs do not give rise to a § 1985 action.  *See Landis v. Ebbert*, 22-1265, 2022 WL 17496012, *1 (3d Cir. Dec. 8, 2022) ("The allegations for a conspiracy must be based in fact and not merely upon plaintiff's own suspicion and speculation.") (citations and internal quotations and brackets omitted).  The record contains no evidence that Cronin and Colon's alleged conspiracy was due to Plaintiff's race or class.  If Plaintiff were to assert that such conspiracy was between Colon and Szpond, then the claim similarly fails because "a plaintiff cannot maintain a conspiracy claim against[] actors within the same municipal entity" because such actors "are considered a single entity that cannot conspire with itself."  *Reeves*, 2022 WL 4104239, at *7 (citations and internal quotations omitted).

In short, there is no evidence for a reasonable jury to "infer from the circumstances that the Defendants had a meeting of the minds" as to an alleged conspiracy to deprive Plaintiff of the equal protection of the laws.  *Brown v. Caldwell*, 2023 WL 4014476, *8 (D.N.J. June 15, 2023) (citation and internal quotations omitted).  And because the § 1985 claim fails, so too does the § 1986 claim.  *Pierre v. City of Elizabeth*, 2022 WL 16362463, *3 (D.N.J. Oct. 28, 2022).  Thus, Colon and the EPD are entitled to judgment as a matter of law and Counts Two and Three are dismissed *with prejudice*.

## IV.   <u>CONCLUSION</u>

For the reasons set forth above, Szpond's motion for summary judgment (ECF No. 110) is **GRANTED**, and Plaintiff's Complaint (ECF No. 1) in its entirety is **DISMISSED *with prejudice as to Defendant Szpond***.  Colon's motion for summary judgment (ECF No. 111) is **GRANTED in part** and **DENIED in part**, **GRANTED** as to Counts Two to Four, Seven to Eight, and Eleven in Plaintiff's Complaint (ECF No. 1), which are **DISMISSED *with prejudice as to all Defendants***, and **DENIED** as to Counts One, Six, and Ten.  Because Counts Five, Nine, Twelve, and Fourteen are barred by N.J.S.A. 59:1-1, et seq. (the "Tort Claims Act"), these Counts are also dismissed ***with prejudice as to all***

***Defendants***.  The EPD's motion for summary judgment (ECF No. 112) is **GRANTED**, and Plaintiff's Complaint (ECF No. 1) in its entirety is **DISMISSED** ***with prejudice as to Defendant the EPD***.  The Court awards no costs, expenses, or attorney fees to any party.

An appropriate Order accompanies this Opinion.

s/ Julien Xavier Neals

DATED: 9/26/2023
**JULIEN XAVIER NEALS**
United States District Judge